OPINION OF THE COURT
William C. Brennan, J.
Defendant makes this motion seeking the following relief: For an order preventing the People from offering at a hearing psychiatric reports allegedly received based on a court-ordered examination to determine defendant’s competency and for an order requiring the prosecution to be ready for a hearing.
Defendant was indicted by a Queens Grand Jury for the crimes of robbery in the first degree, robbery in the second degree (two counts) and criminal possession of stolen property in the second degree. On May 15, 1981 the court ordered defendant examined pursuant to CPL 730.30 to determine if he was an incapacitated person. Defendant was examined pursuant to the court order by Drs. Goldman and Weidenbacher. These two psychiatrists submitted written reports expressing the opinion that defendant was not an incapacitated person. Defendant controverted the findings of the psychiatric examiners and the matter was set down to a Trial Part for a hearing.
Defense counsel argues that the reports of the two doctors are not admissible at any proceeding herein since *606 defendant was not advised of his warnings pursuant to Miranda v Arizona (384 US 436).
In the case of Estelle v Smith (451 US 454) the United States Supreme Court held defendant’s Fifth Amendment privilege against self incrimination was violated by the admission of a psychiatrist’s testimony pursuant to a court-ordered examination, since defendant was not advised before the examination that he had a right to remain silent and defendant was never told that any statement he made could be used against him. Defendant should have been apprised of his rights in order to knowingly decide to waive them. Also, defendant’s Sixth Amendment right to the assistance of counsel was violated since defense counsel was not notified to what extent the psychiatrist’s findings would be used.
However, this case is distinguishable from the facts of the case at bar for the following reasons: The Estelle case (supra) occurred in Texas and in Texas capital cases require bifurcated proceedings — a guilt phase and a penalty phase. If a defendant is found guilty, a separate proceeding is held before the same jury to fix the punishment. The court-ordered psychiatric examination was to determine if defendant was competent to stand trial. After defendant was found guilty, the psychiatrist who reported that defendant was competent to stand trial was called by the prosecution to testify at the penalty phase. The testimony was extremely damaging to the defendant. Since the court used the results of the psychiatric examination at the penalty phase, the court held that defendant’s Fifth and Sixth Amendments were violated.
However, in the case at bar, the People are attempting to introduce the psychiatric reports at the competency hearing to determine defendant’s competence to proceed to trial.
In New York, defendant’s rights are protected, pursuant to CPL 730.20 (subd 6) which provides in pertinent part that: “6. When a defendant is subjected to examination pursuant to an order issued by a criminal court in accordance with this article, any statement made by him for the *607 purpose of the examination or treatment shall be inadmissible in evidence against him in any criminal action on any issue other than that of his mental condition, but such statement is admissible upon that issue whether or not it would otherwise be deemed a privileged communication.”
Based on the foregoing, defendant’s motion to prevent the People from offering the reports at the competency hearing are denied in all respects. The case is to be calendared for November 30, in Part K1A, to be assigned at that time by the Judge in that part to the Trial Part for the hearing. All matters of procedure as to proceedings at the hearing are to be determined by the trial court at the time of the hearing.